Mr. John C. "Jay" Williams, III, esq. City Attorney, Siloam Springs P.O. Box 80 Siloam Springs, AR 72761
Dear Mr. Williams:
I am writing in response to your request for an opinion on the propriety of your decision as the records custodian in response to a Freedom of Information Act (FOIA) request. Accordingly, this opinion is issued pursuant to the duty created by A.C.A. § 25-19-105(c)(3)(B) (Supp. 2007). You report that you have received a FOIA request for records pertaining to a certain employee. Specifically, the request seeks "all written reprimands, letters of caution, documents supporting a recommendation for suspension or dismissal, and letters related to promotions or demotions for [the employee]."
You have collected documents you believe to be responsive to the request, but you have decided to withhold them because you believe the documents are shielded by the exception for employee evaluation or job performance records. You argue that the public lacks a compelling interest in the documents. You state that the documents formed the basis for the decision to suspend the employee for "failure to comply with internal administrative directives." While you do not state what the failure was, you indicate that "[t]here were no allegations or accusations involving misappropriation of funds or property, abuse of power, improper pecuniary gain, illegal activity or other breach of the public trust. Nor is there any existing public controversy regarding [the employee or employer]." You go on to argue that when the nature of the employee's violation (i.e. the lack of public controversy etc.) is combined with "the employee's inherent privacy right, Stilley v.McBride, 332 Ark. 306, 312, 965 S.W.2d 125 (1998)," that combination "outweighs the public interest in disclosure of these records."
RESPONSE
My statutory authority is limited to reviewing the custodian's decision and "issu[ing] an opinion stating whether the decision is consistent with [the FOIA]." A.C.A. § 25-19-105(c)(3)(b)(i). I have reviewed the few records you believe are *Page 2 
responsive to the request. Based on those records and your factual recitation, I cannot say that your decision to withhold the records is necessarily contrary to the FOIA. I will note, however, that the propriety of your decision, in all likelihood, turns on the particular facts and circumstances surrounding the individual's failure to comply with the internal directives.
DISCUSSION
A document must be disclosed in response to a FOIA request if all three of the following elements are met. First, the FOIA request must be directed to an entity subject to the act. Second, the requested document must constitute a public record. Third, no exceptions allow the document to be withheld. Because you concede the first and second elements are met, I will focus on the third element.
Because you are withholding the requested documents solely on the basis of the exception for employee evaluation or job performance records, I will confine my analysis to that exception. The exception for employee evaluation or job performance records is found at A.C.A. § 25-19-105(c)(1). Although the FOIA does not define the phrase "employee evaluation or job performance records," this office has consistently opined that the phrase refers to records that were created by (or at the behest of) the employer, and that detail the employee's performance or lack of performance on the job. Op. Att'y Gen. 2004-012 (and opinions cited therein). This exception includes records generated while investigating allegations of employee misconduct that detail incidents that gave rise to an allegation of misconduct. Id.
If a document meets the above definition, the document cannot be released unless the following elements have been met:
 1. There has been a final administrative resolution of any suspension or termination proceeding (finality);
 2. The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee (relevance); and
 3. There is a compelling public interest in the disclosure of the records in question (compelling interest). *Page 3 
A.C.A. § 25-19-105(c)(1) (Supp. 2007). All three of the conditions must be present before an evaluation or job performance record may be released. Op. Att'y Gen. 2008-065.[1]
The only portion of this test you argue is not met is the third element. Specifically, you argue the public lacks a compelling public interest.[2] The FOIA never defines the phrase "compelling public interest." However, two leading commentators on the FOIA, referring to this office's opinions, have offered the following guidelines:
 [I]t seems that the following factors should be considered in determining whether a compelling public interest is present: (1) the nature of the infraction that led to suspension or termination, with particular concern as to whether violations of the public trust or gross incompetence are involved; (2) the existence of a public controversy related to the agency and its employees; and (3) the employee's position within the agency. In short, a general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present. However, a link between a given public controversy, an agency associated with the controversy in a specific way, and an employee within the agency who commits a serious breach of public trust should be sufficient to satisfy the "compelling public interest" requirement.
J. Watkins R. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT (m m Press, 4th ed. 2004), at 207 (footnotes omitted). Professors Watkins and Peltz *Page 4 
also note that "the status of the employee" or "his rank within the bureaucratic hierarchy" may be relevant in determining whether a "compelling public interest" exists. Id. at 206 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.")
This office has repeatedly opined that, in certain situations, a compelling public interest exists in the disclosure of documents containing certain categories of information. E.g., Op. Att'y Gen. Nos. 2008-090 (violating administrative rules or policies aimed at avoiding conduct that undermines the public trust); 2001-144 (use/possession of drugs); 2003-257, 97-190 and 97-177 (arrests and/or convictions); 2003-072, 2001-343, 98-210, 98-075, 97-400 and 92-319 (violation of safety rules). However, neither I nor any of my predecessors have opined that only these categories of information could give rise to a compelling public interest favoring disclosure. In my opinion, regardless of what category of information a document contains, in order to determine whether a compelling public interest exists in its disclosure, the custodian must conduct a detailed review of the document considering the factors discussed above. The existence of a "compelling public interest" in disclosure will necessarily depend upon all of the surrounding facts and circumstances in each case.
Turning to the three factors noted above that were explained by Watkins and Peltz, I cannot say your decision is clearly inconsistent with the FOIA. These factors are largely questions of fact to be decided by the records custodian. E.g. Op. Att'y Gen. Nos. 2008-167, 2008-090. As for the first factor — the nature of the infraction that led to the suspension — I have very limited information. You have not explained what internal regulation was violated or the broader consequences of the violation. As Watkins and Peltz explain, the analysis of the nature of the infraction should pay particular attention to "whether violations of the public trust or gross incompetence are involved." Because I lack sufficient information about the nature of the infraction, I cannot assess your arguments that the public trust was not breeched or whether the violation involved gross incompetence. Similarly, I lack sufficient information to assess the second factor — the existence of a public controversy related to the agency and its employees. You argue that no public controversy exists regarding either the employee or its employing agency. But because I have such limited information about what the violation entailed, I cannot assess your argument. Therefore, I simply lack sufficient information to opine that the custodian's decision regarding the first and second factors was inconsistent with the FOIA. In contrast, the third factor — the employee's position *Page 5 
within the agency — appears to favor disclosure because, you report, the subject of the records request is a "supervisor" in the public entity. You do not appear to dispute this factor because you give no argument that the employee's position favors withholding the records.
In conclusion, your basis for withholding the requested documents is that the documents constitute employee evaluation records and the test for their release is not met. Specifically, you argue that the public lacks a compelling interest in the documents. I am unable to fully assess two of the three factors that bear on whether the public has a compelling interest because I lack sufficient information to do so. The third factor, however, appears to favor disclosure because the employee is a "supervisor." Nevertheless, bearing in mind that assessing these factors is largely a question of fact for the custodian, and that I lack sufficient information to assess two of the three factors, I am unable to say the custodian's decision is clearly contrary to the FOIA.
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN MCDANIEL Attorney General
[1] Before continuing with the analysis, I should note that your reference to a balancing test between the compelling interest and the "employee's inherent right to privacy" is not the test for release of employee evaluation records. An employee's privacy right is generally relevant only in one of two instances: if the record is a personnel record, or if information contained in an otherwise disclosable record must be redacted due to constitutional privacy concerns. The statutory test for employee evaluation records contains no analysis involving a balancing test between the public's compelling interest in disclosure, on the one hand, and the employee's privacy interest, on the other hand.
[2] You also offer an alternative argument that the finality element is not met because the disciplinary process was not complete as of the day you requested this opinion. The subject of the records request had a few days remaining to perfect an administrative appeal. Upon inquiry, I have learned that no such appeal was filed. Therefore, it appears the finality issue is met.